940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel Boyd KISER, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Kentucky State Reformatory, Respondent-Appellee.
 No. 91-5464.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1991.
 
 1
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs, a request for appointment of counsel contained in petitioner's brief, and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner appeals the dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition. In 1985, petitioner was convicted of rape in the first degree and of being a persistent felony offender in the second degree and was sentenced to 20 years imprisonment. He has exhausted his state court remedies.
 
 
 4
 He filed a 28 U.S.C. Sec. 2254 habeas corpus petition in which he argued that the trial court's failure to postpone the trial from May 14, 1985, to May 16, 1985, denied him a fair trial because it deprived him of time in which to locate or question two witnesses. Counsel failed to file an affidavit, as required by Ky.R.Cr.P. 9.04, showing the materiality of the evidence expected to be obtained and showing that due diligence had been used to obtain it. Petitioner also argued that he was forced to go to trial clad in a T-shirt and fatigue trousers and that his attorney has since been disbarred. The district court dismissed the case. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Rose v. Clark, 478 U.S. 570, 576 (1986).
 
 
 5
 On appeal, petitioner argues: 1) that he was denied a fair trial by the trial court's failing to postpone trial for two days to enable counsel to locate and question witnesses; 2) that he was denied the effective assistance of counsel; and 3) that he was denied due process by being tried in prison clothes.
 
 
 6
 Upon de novo review, we deny petitioner's request for appointment of counsel and affirm the district court's order for the reasons stated by the district court in its memorandum opinion filed April 3, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation